In order to charge real estate with the payment of legacies, it must appear from the will that it was clearly the testator's intent that the charge should be imposed. This intent may be expressed in terms or by implication, and will be effectual, when found to exist in any form, because the law seeks only to discover and carry out the purpose of the testator. In this will there are no direct words of charge, nor does it contain any of those expressions from which, in decided cases to which we have been referred, a charge has been implied. It does not direct any person in particular to pay the legacies, so that there is no ground out of that direction, coupled with a devise of real estate, to imply a condition to pay them imposed upon the devisee. Nor is the devise of the real estate made subject to the payment of the legacies or after their payment. It is, on the contrary, an unconditional devise of all the real and personal estate of the testator. It was argued that it must be construed as a devise of a residue only, which, within some of the cases, would be sufficient to sustain the *Page 263 
appellant's claim. The argument was founded upon the necessity of so reading the clause, to avoid the revocation of the preceding legacies. But to answer that purpose, it is only necessary to regard the bequest of the personal estate as a gift of a residue, and then the devise of all the real estate will stand well enough with the preceding legacies. We should be introducing a new rule, instead of upholding the old one, if we regarded such a will as this as charging with legacies the real estate devised. (Harris
v. Fly, 7 Paige, 425; Lupton v. Lupton, 2 John. Ch. R.,
623; 1 Roper on Legacies, 671, Am. ed., 1848.)
The judgment should be affirmed.
All the judges concurring,
Judgment affirmed.